IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISH'MAEL JORDAN,  )  No. C 05-3673 RMW (PR)
          Petitioner, ) ORDER DENYING
      vs. ) PETITION FOR WRIT OF
           ) HABEAS CORPUS
DAVE GRAZIANI, )
          Respondent. )

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his continued detention at Napa State Hospital after his request for release pursuant to California Penal Code § 1026.[1] The court ordered respondent to show cause why the

---

[1] California Penal Code § 1026 commits a criminal defendant found not guilty by reason of insanity to a state hospital for care and treatment. It reads in part:

> If the verdict or finding be that the defendant was insane at the time the offense was committed, the court, unless it shall appear to the court that the sanity of the defendant has been recovered fully, shall direct that the defendant be confined in a state hospital for the care and treatment of the mentally disordered or any other appropriate public or private treatment facility approved by the community program director, or the court may order the defendant placed on outpatient status pursuant to Title 15 (commencing with Section 1600) of Part 2.

Cal. Penal Code § 1026(a).

Order Denying Petition for Writ of Habeas Corpus
P:\prose\sj.rmw\hc.05\Jordan673den           1

petition should not be granted. Respondent filed an answer addressing the merits of the petition and petitioner filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and denies the petition.

## I. BACKGROUND[2]

Petitioner was charged by information with: count one, murder, in violation of Cal. Penal Code § 187; count two, assault with intent to commit forcible oral copulation, in violation of Cal. Penal Code § 220; counts three, five, and seven, attempted murder, in violation of Cal. Penal Code §§ 664/187; counts four, six, and eight, assault by means of force likely to produce great bodily injury, in violation of Cal. Penal Code § 245(a); count nine, sexual penetration with a foreign object, in violation of Cal. Penal Code § 289(a); and, counts ten through twelve, assault with a deadly weapon on a peace officer, in violation of Cal. Penal Code § 245(b).

Petitioner pled not guilty by reason of insanity (NGI) to counts one, two, five, seven, nine, and ten on December 2, 1982 in San Francisco Superior Court. The superior court determined that count one was second degree murder and that petitioner was insane when he committed the offenses. The court committed petitioner to Atascadero State Hospital with a maximum term of confinement set at forty-nine years-to-life.

In 1992, petitioner petitioned for release to outpatient status pursuant to Penal Code § 1026. A hearing followed in 1994, and the trial court denied the petition and ordered that petitioner be returned to Atascadero State Hospital. The state appellate court affirmed the judgment on June 30, 1995.

On May 8, 2000, petitioner filed an application for outpatient release. A hearing began on petitioner's application on May 27, 2003. The state superior court denied

---

[2] The underlying facts are taken from petitioner's Attachment to Petition for Writ of Habeas Corpus at 2-4 and Respondent's Memorandum of Points & Authorities in Support of Answer at 1-2.

Order Denying Petition for Writ of Habeas Corpus
P:\prose\sj.rmw\hc.05\Jordan673den          2

petitioner's application on July 7, 2003, and ordered petitioner to return to Napa State Hospital. The state appellate court affirmed the judgment on January 4, 2005.

Petitioner filed a habeas petition in San Francisco Superior Court on September 10, 2003, which was denied on January 5, 2004. Petitioner filed a habeas petition in the state appellate court on June 10, 2004, while awaiting the state appellate court's decision on his outpatient release application. The state appellate court denied petitioner's habeas petition on June 17, 2004. Petitioner filed a habeas petition in the state supreme court on July 12, 2004, which was summarily denied, en banc, on June 8, 2005. Petitioner filed the instant federal petition on September 13, 2005.

## II. DISCUSSION

### A. Standard of Review

This court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication to the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." William (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Y1st v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). Although Y1st was a procedural default case, the "look through" rule announced there has been extended beyond the context of procedural default. Id. at 1092 n.3 (citing Lambert v. Blodgett, 393 F.3d 943, 970 n.17 (9th Cir. 2004), and Bailey v. Rae 339 F.3d 1107, 1112-13 (9th Cir. 2003)).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

///

///

**B.     Statute of Limitations**

1    Respondent initially contends that petitioner's claims are untimely pursuant to 28
U.S.C. § 2244(d). Resp. Answer at 6. Respondent also has addressed the merits of
petitioner's claims. Because the court concludes that petitioner's claims are without
merit, the court declines to address the timeliness issue and will address the merits of the
petition as set forth below.

**C.    Petitioner's Claim**

Petitioner asserts that his rights to due process and equal protection under the Fifth
and Fourteenth Amendments were violated because he was not afforded a jury trial when
he petitioned for his release from commitment. He also claims that applying the current
version of California Penal Code § 1026.2 to him violates the Ex Post Facto clause.
Petition at 6. Petitioner alleges that this may result in his spending additional time in the
state hospital or under the restraints of an outpatient program even if he is no longer
mentally ill or dangerous to himself or others. Attachment to Petition at 5.

Petitioner contends that he was not aware that California Penal Code § 1026.2
afforded applicants for outpatient release a right to a jury trial, nor did he know that the
statute was amended in 1984 to prohibit persons seeking outpatient release from a state
mental hospital commitment, pursuant to § 1026, the right to a jury on the issue of
outpatient release.[3] In approximately August or September 2003, another patient at Napa

---

[3]In In re Franklin, the California Supreme Court decided the constitutionality of the
state's procedures for commitment and release of persons who, following trial for a criminal
offense, are acquitted by reason of their insanity. In particular, the state supreme court held that
a ninety day pre-hearing commitment period under then Cal. Penal Code § 1026(a) was:

> reasonably necessary to provide a minimum opportunity for institutional
> observation and examination regarding the patient's present sanity, and that
> thereafter the patient is entitled to a full jury hearing on the question whether he
> has recovered his sanity and is no longer a danger to the health and safety of
> himself or others.

In re Franklin, 7 Cal.3d 126, 131 (1972). In People v. Tilbury, the California Supreme
Court held that a defendant did not have a right to a jury trial when moving for
supervised outpatient status, since Cal. Penal Code § 1206.2(e) provides that the court
shall determine the issue of restoration of sanity at this stage of the process. People v.

Order Denying Petition for Writ of Habeas Corpus
P:\prose\sj.rmw\hc.05\Jordan673den          5

State Hospital informed petitioner that he had a right to a jury trial during the review of his 1992 and 2000 applications for outpatient release pursuant to section 1026.2 because he was sentenced in 1982, and the denial of his right to a jury trial at the earlier release hearings was an unconstitutional imposition of an ex post facto law. Attachment to Petition at 2-4.

The United States Constitution prohibits the federal government and the states from passing any "ex post facto Law." U.S. Const., Art. I, § 9, cl. 3 (federal government); Art. I, § 10, cl. 1 (states). These clauses prohibit the government from enacting laws with certain retroactive effects: any law that (1) makes an act done before the passing of the law, which was innocent when done, criminal; (2) aggravates a crime or makes it greater than it was when it was committed; (3) changes the punishment and inflicts a greater punishment for the crime than the punishment authorized by law when the crime was committed; or (4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. See Stogner v. California, 539 U.S. 607, 611-12 (2003) (citing Calder v. Bull, 3 Dall. 386 (1798)); Carmell v. Texas, 529 U.S. 513, 519-538 (2000) (discussing Collins v. Youngblood, 497 U.S. 37 (1990), Beazell v. Ohio, 269 U.S. 167, 169-70 (1925) and Calder v. Bull, 3 Dall. 386 (1798)).

In Jones v. United States, the Supreme Court stated: "The purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual's mental illness and protect him and society from his potential dangerousness. The committed acquittee is entitled to release when he has recovered his sanity or is no longer dangerous." Jones v. U.S., 463 U.S. 354, 368 (1983); See also Kansas v. Hendricks, 521 U.S. 346, 357 (1997) (holding, in a case in which a NGI defendant was civilly committed under Kansas' Sexually Violent Predator Act, that states may enact statutes that provide

---

Tilbury, 54 Cal.3d 56 (1991). The state supreme court also held that denying a jury trial to the defendant at that stage did not violate equal protection or due process. Id.

for the "forcible detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety"). Because the committed individual has not been convicted, the state may not punish him. Jones, 463 U.S. at 369. "His confinement rests on his continuing illness and dangerousness." Id.

In Seling v. Young, a case involving an inmate challenging his confinement under Washington State's Community Protection Act of 1990 – a statute that authorizes the civil commitment of "sexually violent predators," the Supreme Court held that if a state commitment statute is found to be civil under the criteria set forth in Hendricks, the statute "cannot be deemed punitive 'as applied' to a single individual in violation of the . . . Ex Post Facto Clause[] and provide cause for release." 531 U.S. 250, 267 (2001) (Scalia, J., Souter, J. concurring).

The general view that civil commitment statutes are not punitive, and, therefore, not within the framework of Ex Post Facto analysis has been adopted by California courts. People v. Superior Court (Woods), 219 Cal.App.3d 614, 617 (1990) ("Retroactive changes in the law which result in increased terms of commitment for NGI defendants are not considered ex post facto because the commitments are not penal but for treatment purposes." (citations omitted)).

California Penal Code § 1026.2(d) entitles an NGI acquittee the right to a hearing on outpatient placement 180 days after their commitment. This affords assurance to every acquittee that they have a prompt opportunity to obtain release if they have recovered. People v. Tilbury, 54 Cal.3d 56, 66 (1991) (citations omitted) (holding that a civilly committed defendant had no right to a jury trial when moving for supervised outpatient status, since Cal. Penal Code § 1026.2(e) provides that the court shall determine the issue of restoration of sanity at this stage of the process, and that denying a jury trial at this stage did not implicate constitutional equal protection or due process). The only purpose of the 180-day hypothetical sentence under Cal. Penal Code § 1026.2(d) is to fix the date for the NGI acquittee's release, or, if further commitment is appropriate, to commence civil commitment proceedings. See Cal. Penal Code § 1026.5.

1 | As the Supreme Court determined, "[t]he length of the acquittee's hypothetical criminal sentence is . . . irrelevant [for] the purposes of [petitioner's] commitment" because "there simply is no necessary correlation between severity of the offense and length of time necessary for recovery." Jones, U.S. 463 at 369. Similarly, under § 1026.2, there is no necessary correlation between the 180-day hypothetical sentence imposed and the severity of a NGI acquittee's criminal offense. Accordingly, California Penal Code § 1026.2 is civil in nature, and is not subject to Ex Post Facto Clause analysis.[4]

In denying petitioner's state habeas petition, the state appellate court rejected petitioner's Ex Post Facto claim, relying on People v. Superior Court (Woods): "The petition for writ of habeas corpus is denied. Issue I, which asserts an ex post facto claim, appears unmeritorious (citation omitted)." Resp. Ex. 2; People v. Superior Court (Woods) 219 Cal.App.3d 614, 617 (1990) (holding that commitments for NGI defendants are not considered ex post facto because these commitments are civil, not criminal, in nature). The appellate court's decision was summarily affirmed en banc by the California Supreme Court in petitioner's case. Resp. Ex. 4.

Accordingly, this court concludes that the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

///
///
///
///

---

[4]Therefore, petitioner was not entitled to a jury trial at his outpatient release hearings. Accordingly, petitioner's rights to due process and equal protection were not violated as a result of him not having the benefit of a jury. See Tilbury, 54 Cal.3d at 66 (holding that denial of a jury trial to a civilly committed defendant moving for supervised outpatient status does not implicate constitutional equal protection or due process).

### III. CONCLUSION

The court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 12/20/2007

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
P:\prose\sj.rmw\hc.05\Jordan673den               9

A copy of this ruling was mailed on ___12/27/2007_____ to the following:

Ish'mael Jordan
203270-4
Napa State Hospital
2100 Napa Vallejo Avenue
Napa, CA  94558

Glenn R. Pruden
Deputy Attorney General
California State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004